UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| CAROL LEAR, on behalf of HERSELF and All Others Similarly Situated, ) ) ) | |
| *Plaintiff,* ) ) | CIVIL ACTION |
| v. ) ) | CASE NO. _____ |
| HITACHI AMERICA, LTD., ) ) | JURY TRIAL DEMANDED |
| *Defendant*. ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

This is a class and collective action brought on behalf of employees who work between 60 and 70 hours per week (and in some weeks, even more) in manufacturing facilities owned and operated by Hitachi America, Ltd. ("Hitachi") without receiving overtime pay as required by the Fair Labor Standards Act ("FLSA") and Kentucky law. This lawsuit seeks to recover the overtime pay owed to these workers, and to stop this unlawful employment practice.

Hitachi calls Plaintiff Carol Lear, and similarly situated employees, "supervisors," and misclassifies them as exempt from the overtime provisions of the FLSA and Kentucky law. In reality, Plaintiff Lear and those she seeks to represent are not supervisors, because they are not given the necessary managerial control and authority to actually supervise other workers. Instead, they perform essentially the same work as other employees who do receive overtime pay, though they have leadership – not supervisory – responsibility for various manufacturing tasks.

However, even if this Court were to determine that the job duties of Plaintiff Lear and those she seeks to represent are sufficient to deem them supervisors under the law, the challenged pay practices are still in violation of the law because Hitachi does not pay Plaintiff

1

Lear and similarly situated employees on a salary basis. Instead, their pay is based on time worked. To properly pay any employee based on an overtime exemption to the FLSA, the employee must be paid based on a salary. Here, because Plaintiff Lear and similarly situated workers' pay is based on hours worked, they must receive overtime pay.

1. Plaintiff Lear has worked for Defendant Hitachi for many years. During that time, Hitachi has consistently refused to pay Plaintiff at time and one-half of a regular rate for all hours worked over forty (40), even though Plaintiff does not meet any of the exemptions to the overtime pay provisions of the FLSA, and even though Hitachi pays Plaintiff varying amounts based on the amount of time she works per week.

2. Plaintiff brings this collective action lawsuit on behalf of all similarly situated individuals, pursuant to 29 U.S.C. § 216(b) of the FLSA, and as a class action lawsuit, pursuant to Kentucky law and Rule 23 of the Federal Rules of Civil Procedure, against Defendant Hitachi.

3. Plaintiff alleges that Defendant misclassifies her as exempt from the overtime pay protections of the FLSA and Kentucky state law.

4. Plaintiff alleges that Defendant fails to pay her at one and one-half times her regular rate for all hours worked over 40 in a workweek, in violation of the FLSA.

5. Plaintiff also alleges that Defendant fails to pay for all hours actually worked, in violation of Kentucky state law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiff's supplemental state law claims pursuant to 28 U.S.C. § 1367.

7. Venue for this action properly lies in the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1391, because Defendant resides in this judicial district and because the claims arose in this judicial district.

**PARTIES**

**A. Plaintiff**

8. Plaintiff Carol Lear is over the age of nineteen (19) and has worked as an employee of Hitachi since approximately February of 1999. Ms. Lear resides in Berea, Madison County, Kentucky.

9. Plaintiff Lear consents to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

**B. Defendant**

10. Defendant Hitachi America, Ltd. is a manufacturing company headquartered in Tarrytown, Westchester County, New York.

11. Hitachi operates at least 16 production facilities across the United States.

12. At all relevant times, Hitachi has been regularly engaged in interstate commerce.

13. At all relevant times, Hitachi has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, of employees based out of Hitachi's factories in the United States.

# FACTS

14. Plaintiff Lear is a Production Supervisor who works for Hitachi in its Berea, Kentucky production facility. She supervises the Sub-assembly/Bstops department, which assembles automotive valves.

15. Plaintiff does not meet any of the exemptions to overtime pay provisions of the FLSA or Kentucky law.

16. Plaintiff regularly works more than forty (40) hours in a work week, and Defendant never pays Plaintiff at time and one-half of her regular rate of pay for the hours Plaintiff works in excess of forty (40) hours in a work week.

17. Defendant also does not pay Plaintiff a fixed salary. Instead, Defendant pays Plaintiff a fixed amount when she works forty (40) hours per week; Defendant pays less than this amount when Plaintiff works less than forty (40) hours per week; and Defendant pays more than this amount when Plaintiff works more than forty (40) hours per week.

**A.   Defendant does not pay an hourly overtime premium.**

18. Throughout the course of her employment as a Production Supervisor, Plaintiff has worked more than forty hours per week, typically working at least eleven and a half hours per day. Plaintiff is regularly scheduled to work six days per week.

19. Defendant has typically paid Plaintiff on an hourly basis for some or all of the hours she works over forty in a work week. However, Defendant has not paid Plaintiff at time-and-a-half of her effective regular rate for such hours.

**B.     Defendant lowers Plaintiff's pay when Plaintiff does not work 40 hours in a week.**

20.     Defendant typically pays Plaintiff a fixed, recurring amount for the first forty hours Plaintiff works in a given week.

21.     However, if Plaintiff does not work forty hours in a given week and she does not have some type of paid leave to cover that missed time, then Defendant pays Plaintiff less than that fixed amount.

22.     Put simply, Plaintiff's pay is ultimately based on her time worked for Hitachi.

**C.     Defendant does not pay for all time worked**

23.     For some or all of the three years preceding the filing of this Complaint, Defendant has not paid Plaintiff for all time worked. Specifically, Defendant has for some period of time during the last three years "capped" Plaintiff's hourly pay at a certain number of hours per week, regardless of whether Plaintiff worked more hours than the "capped" amount of hourly pay. In other words, because of the "cap" on hourly pay, Defendant regularly chooses not to pay Plaintiff for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

> All current or former employees of Defendant for the three years preceding the filing of this lawsuit who Defendant pays as described above—including, without limitation, Production Supervisors. ("the Collective").

25.     Plaintiff desires to pursue her claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

26. Plaintiff and the Collective are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Defendant misclassified them as exempt from the overtime pay provisions of the FLSA and Kentucky law.

27. Plaintiff and the Collective are also "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Defendant did not pay them overtime for all of the hours above forty that they worked in a workweek, in violation of the FLSA.

28. Virtually all of the legal and factual issues that will arise in litigating the collective claims are common to Plaintiff and those she seeks to represent. These issues include (1) whether Defendant misclassified Plaintiff and the Collective as exempt from the overtime pay provisions of the FLSA, (2) whether Plaintiff and the putative plaintiffs are entitled to overtime when they work beyond forty hours per week; and (3) how Defendant paid them for hours worked over 40 in a week.

## **CLASS ACTION ALLEGATIONS UNDER KENTUCKY LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23**

29. Plaintiff brings this action on her own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class of individuals:

> All current or former employees of Defendant for the five years preceding the filing of this lawsuit who Defendant pays as described above—including, without limitation, Production Supervisors. (the "Rule 23 Class").

30. Plaintiff Lear is a member of the class she seeks to represent.

31. Defendant misclassified Plaintiff and the members of the class she seeks to represent as exempt from the overtime pay provisions of Kentucky law.

32. Under Kentucky law, employers are required to compensate employees for all of the time that those employees spend working.

33. Accordingly, Defendant's refusal to pay Plaintiff for all of the hours that Plaintiff actually worked violated Kentucky law.

34. The Rule 23 class is sufficiently numerous that joinder of all members is impractical, satisfying Federal Rule of Civil Procedure 23(a)(1). On information and belief, Defendant employs hundreds or more individuals in Kentucky who are paid under the same pay policies as the policies governing the pay of Production Supervisors.

35. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 class share the questions of (1) whether Defendant misclassified them as exempt from the overtime pay provisions of Kentucky law, (2) whether Defendant paid them for all time worked; and (3) whether Defendant's failure to pay class members for all time worked resulted in Defendant violating the Kentucky Wage Statutes.

36. The claims of Plaintiff Lear are typical of the claims of the Rule 23 Class, thus satisfying Federal Rule of Civil Procedure 23(a)(3). Defendant's misclassification of the Class as exempt from the Kentucky law overtime requirements and Defendant's failure to pay for all hours worked was not the result of any Plaintiff-specific circumstances. Rather, it arose from Defendant's common pay policies, which Defendant applied generally to its employees.

37. Plaintiff Lear will fairly and adequately represent and protect the interests of the Rule 23 Class. Further, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employers' failure to pay them properly under the law, thus satisfying Federal Rule of Civil Procedure 23(a)(4).

38. By misclassifying its production supervisors and consistently failing to pay them, and similarly-paid employees, for all hours worked, and by failing to pay an overtime premium

7

for all hours worked over 40 in a week, Defendant has created a scenario where questions of law and fact common to the Rule 23 Class Members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff Lear is entitled to pursue her claims as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3).

## FIRST CAUSE OF ACTION
**(Violation of the Fair Labor Standards Act – asserted on behalf of the collective)**

39. All previous paragraphs are incorporated as though fully set forth herein.

40. Plaintiff and putative members of the Collective are employees entitled to the FLSA's protections.

41. Neither Plaintiff nor putative members of the Collective are exempt from receiving FLSA overtime benefits because, *inter alia*, they are not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

42. Because Plaintiff and the putative members of the Collective are not exempt from receiving FLSA overtime benefits, Plaintiffs and the putative class members should be paid, and should have been paid, one and one-half times of their regular rate for all time worked over forty (40) hours per week. Yet, Hitachi has never paid Plaintiff and the Collective members this required overtime premium

43. Even if Plaintiff and the putative members of the Collective had potentially been exempt from the FLSA, Defendant has lost the ability to claim any exemption by choosing to pay these employees on a varying basis tied to the amount of hours worked by these employees.

44. Defendant is an employer covered by the FLSA.

45. The FLSA entitles employees to compensation for every hour worked in a workweek, at no less than federal minimum wage. *See* 29 U.S.C. § 206.

46. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay. *See* 29 U.S.C. § 207.

47. Defendant has violated the FLSA by failing to compensate Plaintiff and the putative members of the Collective for all hours above 40 worked in a workweek at a rate equal to or above time and half of the regular rate of pay for that week.

48. In violation of the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

49. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

## SECOND CAUSE OF ACTION
### (Compensation Due for Work Performed Off-the-Clock – KY. REV. STAT. ANN. §§ 337.275, et seq.)

50. All previous paragraphs are incorporated as though fully set forth herein.

51. Plaintiff brings this claim on behalf of all members of the proposed Rule 23 Class.

52. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. See KY. REV. STAT. ANN. §§ 337.275, *et seq.* (hereinafter referred to as the "Kentucky Wage Statutes").

53. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek.

54. During all times material to this complaint, Defendant was a covered employer

required to comply with the Kentucky Wage Statutes.

55. During all times material to this complaint Plaintiff and the Rule 23 Class were covered employees entitled to the protections of the Kentucky Wage Statutes.

56. Plaintiff, and the Rule 23 Class she seeks to represent are not exempt from receiving the Kentucky Wage Statutes' overtime benefits because they do not fall within any of the exemptions set forth therein. See KY. REV. STAT. ANN. § 337.285(2).

57. Even if Plaintiff and the Rule 23 Class Members had potentially been eligible to meet one of these exemptions, Defendant has lost the ability to claim one of these exemptions by choosing to pay these employees on a varying basis tied to the amount of hours worked by these employees.

58. Defendant has violated the Kentucky Wage Statutes with respect to Plaintiff and the Rule 23 Class by, inter alia, failing to compensate them for all hours worked at their regular rate (for time worked under forty hours per week) and at time-and-one-half overtime rates for all additional hours.

59. In violating the Kentucky Wage Statutes, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the Kentucky Wage Statutes.

60. Pursuant to the Kentucky Wage Statutes, specifically KY. REV. STAT. ANN. § 337.385, Defendant, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

61. Pursuant to the Kentucky Wage Statutes, specifically KY. REV. STAT. ANN. § 337.385, Plaintiff and the Rule 23 Class are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid overtime

wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to the Kentucky Wage Statutes and Federal Rule of Civil Procedure 23;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), and to Federal Rule of Civil Procedure 23, of this litigation to all potential members of the class and collective action;

C. A declaration that Defendant has violated the FLSA;

D. A declaration that Defendant has violated the Kentucky Wage Statutes.

E. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent, for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA or under the law;

F. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent, for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the Kentucky Wage Statutes or under the law;

G. A finding that Defendant's wage and hour violations have been willful;

H. Liquidated damages to the fullest extent permitted under the FLSA and under the Kentucky Wage Statutes;

G. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Kentucky Wage Statutes; and,

H. Such other and further relief as this Court deems just and proper.

Dated: April 24, 2017

Respectfully submitted,

/s/ J. Chris Sanders
**J. CHRIS SANDERS (KBA # 82663)**
CHRIS SANDERS LAW PLLC
517 West Ormsby Avenue
Louisville, KY 40203
Telephone: (502) 814-0094
csanders@chrissanderslaw.com

**DAVID W. GARRISON***
**SCOTT P. TIFT***
**JOSHUA A. FRANK***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiff*

**Pro Hac Vice* Motion Anticipated