UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| CAROL LEAR and JAMES TINCHER, on behalf of THEMSELVES and All Others Similarly Situated, | ) ) ) |
| *Plaintiffs,* | ) CLASS AND COLLECTIVE ) ACTION ) ) CASE NO. 5:17-cv-186-JMH |
| v. | ) ) SENIOR JUDGE HOOD |
| HITACHI AUTOMOTIVE SYSTEMS AMERICAS, INC., | ) ) JURY TRIAL DEMANDED |
| *Defendant.* | ) ) |

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

**INTRODUCTION**

Plaintiffs Carol Lear and James Tincher bring this class and collective action on behalf of themselves and other similarly situated employees in three manufacturing facilities owned and operated by Hitachi Automotive Systems Americas, Inc. ("Hitachi"). This lawsuit seeks to recover the overtime pay owed to these workers.

Plaintiffs challenge Hitachi's practice of paying them and other employees it calls "supervisors" at the same hourly rate for all hours worked, including hours over 40 in a workweek, without paying them at the required overtime rate. Hitachi misclassifies these employees as exempt from the overtime provisions of the FLSA and Kentucky law; however, because Plaintiffs' and similarly situated workers' pay is based on hours worked and not a fixed salary, they are entitled to receive overtime pay.

1. Plaintiff Lear has worked for Hitachi for more than 10 years and Plaintiff Tincher has worked for Hitachi since 2014. During that time, Plaintiffs and those they seek to represent have routinely worked more than 40 hours each week, and usually between 60 and 70 hours per

1

week (in many weeks, even more). Paystubs reflect this large number of hours worked and show that, until in or around June 2016, Hitachi paid Plaintiffs and similarly situated workers the same hourly rate for every hour worked, including hours over 40, with no overtime premium. Since in or around June 2016, Hitachi has capped the number of hours it will pay Plaintiffs and similarly situated workers at 50 hours per week, even though they still generally work between 60 and 70 hours per week (and in many weeks, even more).

2. Hitachi tells Plaintiffs and similarly situated workers that it pays them a salary plus additional hourly pay. However, this designation is nothing more than a label. The compensation paid to Plaintiffs and those they seek to represent varies based on the number of hours worked. When Plaintiffs and other supervisors work fewer hours in a workweek, they are paid for fewer hours, and when they work more, they are paid for more. Nevertheless, Hitachi has consistently refused to pay Plaintiffs and similarly situated workers at time and one-half of a regular rate for all hours worked over 40, in violation of the FLSA and applicable Kentucky law.

3. Plaintiffs bring this action as a collective action lawsuit on behalf of all similarly situated individuals, pursuant to 29 U.S.C. § 216(b) of the FLSA, and as a class action lawsuit, pursuant to Kentucky law and Rule 23 of the Federal Rules of Civil Procedure, against Defendant Hitachi. Plaintiffs also assert their Kentucky state law overtime claim as a supplemental claim to their collective FLSA claim.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367.

5. Venue for this action properly lies in the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1391, because Defendant resides in this judicial district and because the claims arose in this judicial district.

## PARTIES

**A. Plaintiffs**

6. Plaintiff Carol Lear is over the age of nineteen (19) and has worked as an employee at the Berea, Kentucky manufacturing facility now owned and operated by Hitachi since approximately February of 1999, when it was owned by TOKICO, LTD.

7. Sometime in or around 2004, when Hitachi merged with TOKICO, LTD., Plaintiff Lear became an employee of Hitachi. Plaintiff Lear resides in Berea, Madison County, Kentucky.

8. Plaintiff Lear consents to be a party to this collective action pursuant to 29 U.S.C. § 216(b). *See* Lear Consent Form (Doc. No. 4-1).

9. Plaintiff James Tincher is over the age of nineteen (19) and has worked as an employee of Hitachi at its Berea, Kentucky manufacturing facility since in or around October 2014. Plaintiff Tincher resides in Berea, Madison County, Kentucky.

10. Plaintiff Tincher consents to be a party to this collective action pursuant to 29 U.S.C. § 216(b). *See* Tincher Consent Form (Doc. No. 4-1).

**B. Defendant**

11. Defendant Hitachi Automotive Systems Americas, Inc. is a Delaware corporation which manufactures automotive parts and equipment with its principal office in Harrodsburg, Mercer County, Kentucky.

12. Hitachi operates at least four production facilities across the United States.

13. At all relevant times, Hitachi has been regularly engaged in interstate commerce.

14. At all relevant times, Hitachi has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, of employees based out of Hitachi's factories in the United States.

**FACTS**

15. Plaintiffs work as "Production Supervisors" for Hitachi in its Berea, Kentucky production facility. Plaintiff Lear supervises the Sub-Assembly/Bstops department, which assembles automotive valves. Plaintiff Tincher supervises the Clean Room, which assembles struts and shocks.

16. Plaintiffs and other supervisors, including, without limitation, Production Supervisors, Quality Supervisors, and Warehouse Supervisors, whom they seek to represent, routinely work in excess of 40 hours in a workweek. In fact, Plaintiffs and those they seek to represent routinely work 11 to 12 hours per shift, six (and sometimes seven) days per week. In other words, Plaintiffs and those they seek to represent routinely work 60 and 70 hours per week (and in many weeks, even more).

17. Hitachi pays Plaintiffs and those they seek to represent for their work on an hourly basis. However, Hitachi does not pay them overtime for all hours worked over 40 in a workweek at one and one-half times their regular rates of pay.

18. Until in or around June 2016, Hitachi paid Plaintiffs and those they seek to represent the same hourly rate for all hours worked, including hours over 40.

19. Since in or around June 2016, Hitachi has capped the number of paid hours at 50 in a workweek. In other words, Hitachi pays Plaintiffs and those they seek to represent the same hourly rate for all hours worked up to 50 in a workweek and does not pay them at all for hours in

4

excess of 50 hours.

20. Hitachi claims it pays Plaintiffs and similarly situated workers a salary, plus additional hourly pay.

21. However, this purported salary is illusory. The pay Plaintiffs and those they seek to represent receive varies based on the number of hours worked. If they work fewer hours, they receive less pay. If they work more hours, they receive more pay.

22. Because Hitachi does not pay Plaintiffs and other supervisors on a salary basis, they are not exempt from the overtime protections of the FLSA and applicable Kentucky statutes.

23. Accordingly, Hitachi's failure to pay overtime at one and one-half times the regular rates of pay of Plaintiffs and similarly situated supervisors violates the FLSA and applicable Kentucky statutes.

24. Plaintiffs have worked more than 40 hours per week, typically working at least 11 or 12 hours per shift. Plaintiffs are regularly scheduled to work six days per week.

25. Hitachi instituted this compensation scheme for supervisors in order to avoid its obligation, under both the FLSA and Kentucky state law, to pay overtime at one and one-half times the regular rate of pay for hours over 40 in a workweek, both to supervisors and to employees with different job titles, such as team leads and production employees.

26. This is evident from Hitachi's scheduling practices. For example, Hitachi would frequently schedule Plaintiffs and those they seek to represent to work additional hours in a workweek performing the same work as hourly workers Hitachi classified as non-exempt. Hitachi did this to avoid scheduling team leads and other hourly production workers whose time-and-a-half hourly overtime rate would exceed the straight hourly rate paid to supervisors.

27. The result is that Plaintiffs and those they seek to represent would often work seven days a week, would sometimes go several weeks without a day off, and, in such weeks, would work well in excess of 80 hours. These practices are evident on the face of the paystubs Defendant distributed to Plaintiffs and those they seek to represent, which often reflect well in excess of 100 hours of "overtime" (paid at the same hourly rate as "regular" hours—*i.e.*, hours up to 40 in a workweek) during a single one-month pay period (the pay period used by Hitachi).

28. By paying supervisors based on hours worked and working them hundreds of hours each month, Hitachi's pay scheme has undermined the purpose of the overtime provisions of the FLSA and Kentucky state law to reduce the number of hours worked by encouraging the hiring of additional employees through the imposition of higher pay for hours worked over 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs assert their FLSA claim and their supplemental Kentucky state law claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

> All current and former employees of Defendant at any time since April 24, 2012 who Defendant pays as described above—including, without limitation, Production Supervisors, Quality Supervisors, and Warehouse Supervisors.

("the Collective").

30. Plaintiffs desire to pursue their claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

31. Plaintiffs and the Collective are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Defendant did not pay them overtime for all of the hours above 40 that they worked in a workweek, in violation of the FLSA.

32. Virtually all of the legal and factual issues that will arise in litigating the

6

collective claims are common to Plaintiffs and those they seek to represent. These issues include: (1) whether Plaintiffs and the Collective were paid based on the hours they worked; (2) whether Defendant misclassified Plaintiffs and the Collective as exempt from the overtime pay provisions of the FLSA; (3) whether Plaintiffs and the Collective are entitled to overtime when they work beyond 40 hours per week; and (4) how Defendant paid Plaintiffs and the Collective for hours worked over 40 in a week.

## CLASS ACTION ALLEGATIONS UNDER KENTUCKY LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23

33. Plaintiffs bring this action on their own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class of individuals:

> All current and former employees of Defendant at any time since April 24, 2012 who Defendant pays as described above—including, without limitation, Production Supervisors, Quality Supervisors, and Warehouse Supervisors.

(the "Rule 23 Class").

34. Plaintiffs are members of the Rule 23 Class they seek to represent.

35. Defendant misclassified Plaintiffs and members of the Rule 23 Class they seek to represent as exempt from the overtime pay provisions of Kentucky law.

36. The Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Federal Rule of Civil Procedure 23(a)(1). On information and belief, Defendant has employed dozens, if not hundreds, of individuals in Kentucky who have been paid under the same pay policies as the policies governing the pay of Production Supervisors, Quality Supervisors, and Warehouse Supervisors during the last five years.

37. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 class share the questions of: (1) whether Plaintiffs and the Rule 23 Class were paid

based on the hours they worked; (2) whether Defendant misclassified Plaintiffs and the Rule 23 Class as exempt from the overtime pay provisions of the applicable Kentucky wage and hour statutes; (3) whether Plaintiffs and the Rule 23 Class are entitled to overtime when they work beyond 40 hours per week; and (4) how Defendant paid Plaintiffs and the Rule 23 Class for hours worked over 40 in a week.

38.     The claims of Plaintiffs are typical of the claims of the Rule 23 Class, thus satisfying Federal Rule of Civil Procedure 23(a)(3). Defendant's misclassification of the Class as exempt from the Kentucky law overtime requirements and Defendant's failure to pay for all hours worked was not the result of any Plaintiff-specific circumstances. Rather, it arose from Defendant's common pay policies, which Defendant applied generally to its Plaintiffs and the Rule 23 Class.

39.     Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class. Further, Plaintiffs have retained competent counsel experienced in representing classes of employees against their employers related to their employers' failure to pay them properly under the law, thus satisfying Federal Rule of Civil Procedure 23(a)(4).

40.     By misclassifying its supervisors and consistently failing to pay them, and similarly-paid employees, an overtime premium for all hours worked over 40 in a week, Defendant has created a scenario where questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiffs are entitled to pursue their claims as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3).

**FIRST CAUSE OF ACTION**
**(Violation of the Fair Labor Standards Act – asserted on behalf of the collective)**

41. All previous paragraphs are incorporated as though fully set forth herein.

42. Plaintiffs and members of the Collective are employees entitled to the FLSA's protections.

43. Defendant is an employer covered by the FLSA.

44. Hitachi pays Plaintiffs and members of the collective based on the number of hours worked.

45. As a result, Plaintiffs and members of the Collective are not exempt from receiving FLSA overtime benefits because, *inter alia*, they are not "executive," "administrative," or "professional" employees, as defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

46. Because Plaintiffs and members of the Collective are not exempt from receiving FLSA overtime benefits, Plaintiffs and member of the Collective should be paid, and should have been paid, one and one-half times of their regular rate for all time worked over 40 hours per week.

47. Yet, Hitachi has never paid Plaintiffs and the Collective members this required overtime premium.

48. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay. *See* 29 U.S.C. § 207.

49. Defendant has violated the FLSA by failing to compensate Plaintiffs and the putative members of the Collective for all hours above 40 worked in a workweek at a rate equal to or above time and half of the regular rate of pay for that week.

50. By implementing the challenged pay scheme in order to circumvent the overtime requirements of the FLSA as alleged above, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

51. Pursuant to the FLSA, 29 U.S.C. § 216(b), Defendant, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

52. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs and the Collective are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

## SECOND CAUSE OF ACTION
### (Kentucky Overtime Claim, KY. REV. STAT. ANN. §§ 337.275, *et seq.* – Asserted Pursuant to Fed. R. Civ. P. 23 on Behalf of the Rule 23 Class)

53. All previous paragraphs are incorporated as though fully set forth herein.

54. Plaintiffs bring this claim on behalf of all members of the proposed Rule 23 Class.

55. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. See KY. REV. STAT. ANN. §§ 337.275, *et seq.* (hereinafter referred to as the "Kentucky Wage Statutes").

56. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over 40 in one workweek.

57. During all times material to this complaint, Defendant was a covered employer required to comply with the Kentucky Wage Statutes.

58. During all times material to this complaint Plaintiffs and the Rule 23 Class were covered employees entitled to the protections of the Kentucky Wage Statutes.

59. Plaintiffs and the Rule 23 Class are not exempt from receiving the Kentucky Wage Statutes' overtime benefits because, *inter alia*, Hitachi pays them based on the number of

hours they work, rather than on a salary basis. As a result, they do not fall within any of the exemptions set forth in the Kentucky Wage Statutes. *See* KY. REV. STAT. ANN. § 337.285(2).

60. Defendant has violated the Kentucky Wage Statutes with respect to Plaintiffs and the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked at their regular rate (for time worked under 40 hours per week) and at time-and-one-half overtime rates for all additional hours.

61. By, *inter alia*, implementing the challenged pay scheme in order to circumvent the overtime requirements of the Kentucky Wage Statutes as alleged above, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the Kentucky Wage Statutes.

62. Pursuant to the Kentucky Wage Statutes, specifically KY. REV. STAT. ANN. § 337.385, because Defendant failed to pay Plaintiffs and the Rule 23 Class the required amount of overtime at the statutory rate, it must reimburse them not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

63. Pursuant to the Kentucky Wage Statutes, specifically KY. REV. STAT. ANN. § 337.385, Plaintiffs and the Rule 23 Class are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid overtime wages.

### THIRD CAUSE OF ACTION
**(Kentucky Overtime Claim, KY. REV. STAT. ANN. §§ 337.275, *et seq.* –
Asserted Supplementally Pursuant to 29 U.S.C. § 216(b) on Behalf of the Collective)**

64. All previous paragraphs are incorporated as though fully set forth herein.

65. Plaintiffs bring this claim as a supplemental claim to their collective FLSA claims on behalf of themselves and all members of the Collective defined above who opt into this action pursuant to 29 U.S.C. § 216(b).

66. Plaintiffs specifically assert this claim both in addition and in the alternative to their second cause of action.

67. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. See KY. REV. STAT. ANN. §§ 337.275, *et seq.* (hereinafter referred to as the "Kentucky Wage Statutes").

68. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over 40 in one workweek.

69. During all times material to this complaint, Defendant was a covered employer required to comply with the Kentucky Wage Statutes.

70. During all times material to this complaint Plaintiffs and the Collective were covered employees entitled to the protections of the Kentucky Wage Statutes.

71. Plaintiffs and the Collective are not exempt from receiving the Kentucky Wage Statutes' overtime benefits because, *inter alia*, Hitachi pays them based on the number of hours they work, rather than on a salary basis. As a result, they do not fall within any of the exemptions set forth in the Kentucky Wage Statutes. *See* KY. REV. STAT. ANN. § 337.285(2).

72. Defendant has violated the Kentucky Wage Statutes with respect to Plaintiffs and the Collective by, *inter alia*, failing to compensate them for all hours worked at their regular rate (for time worked under 40 hours per week) and at time-and-one-half overtime rates for all additional hours.

73. By, *inter alia*, implementing the challenged pay scheme in order to circumvent the overtime requirements of the Kentucky Wage Statutes as alleged above, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the Kentucky Wage

Statutes.

74. Pursuant to the Kentucky Wage Statutes, specifically KY. REV. STAT. ANN. § 337.385, because Defendant failed to pay Plaintiffs and the Collective the required amount of overtime at the statutory rate, it must reimburse them not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

75. Pursuant to the Kentucky Wage Statutes, specifically KY. REV. STAT. ANN. § 337.385, Plaintiffs and the Collective are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid overtime wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to the Kentucky Wage Statutes and Fed. R. Civ. P. 23;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), and to Fed. R. Civ. P. 23, of this litigation to all potential members of the class and collective action;

C. A finding and declaration that Defendant has violated the FLSA;

D. A finding and declaration that Defendant has violated the Kentucky Wage Statutes.

E. A judgment against Defendant and in favor of Plaintiffs and those they seek to represent, for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA or under the law;

F. A judgment against Defendant and in favor of Plaintiffs and those they seek to represent, for compensation for all unpaid and underpaid wages that Defendant has failed and

refused to pay in violation of the Kentucky Wage Statutes or under the law;

      G.      A finding that Defendant's wage and hour violations have been willful;

      H.      Liquidated damages to the fullest extent permitted under the FLSA and under the Kentucky Wage Statutes;

      G.      Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA, the Kentucky Wage Statutes, and the Federal Rules of Civil Procedure; and,

      H.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial as to all claims so triable.

Dated: June 30, 2017

Respectfully submitted,

/s/ J. Chris Sanders
**J. CHRIS SANDERS (KBA # 82663)**
CHRIS SANDERS LAW PLLC
517 West Ormsby Avenue
Louisville, KY 40203
Telephone: (502) 814-0094
csanders@chrissanderslaw.com

**DAVID W. GARRISON***
**SCOTT P. TIFT***
**JOSHUA A. FRANK***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiffs*

*Motion for Admission *Pro Hac Vice* has been filed

14

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of this *First Amended Class and Collective Action Complaint* was filed electronically with the Clerk's office by using the CM/ECF system and served electronically upon the counsel for Defendant Hitachi America, Ltd. as indicated below through the Court's ECF system on June 30, 2017. I further certify that a copy of the foregoing has been served on June 30, 2017 via email and Certified U.S. Mail on the same counsel, who have agreed to accept service on behalf of the new named Defendant, Hitachi Automotive Systems Americas, Inc.

 Craig P. Siegenthaler
 Lauren M. Claycomb
 FISHER & PHILLIPS LLP
 220 West Main Street, Suite 1700
 Louisville, KY 40202
 Telephone: (502) 561-3990
 Facsimile: (502) 561-3991
 csiegenthaler@fisherphillips.com
 lclaycomb@fisherphillips.com

 *Attorneys for Defendant*

            /s/ J. Chris Sanders
            J. CHRIS SANDERS
              **CHRIS SANDERS LAW PLLC**