UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| CAROL LEAR and JAMES TINCHER, On behalf of themselves & all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) Action No.<br>) 5:17-cv-186-JMH<br>) |
| v. | ) **MEMORANDUM OPINION AND ORDER**<br>)<br>) |
| HITACHI AUTOMOTIVE SYSTEMS, AMERICAS, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

\*\*\* \*\*\* \*\*\*

This case is before the Court upon various motions of both parties [DE 20, 32, 46, 48, 51, 56, and 63]. All of the motions are either ripe or moot. The substantive motions which require analysis are the Plaintiffs' Motion to Certify Class [DE 32] and Motion to Modify the Scope of the Collective Class [DE 48].

I.  **FACTS**

This is an action for unpaid overtime wages brought by Plaintiffs Carol Lear and James Tincher ("Plaintiffs") on behalf of themselves and other similarly situated employees, including without limitation, Production Supervisors employed by Defendant Hitachi Automotive Systems Americas, Inc. ("Defendant" or "Hitachi") at its Berea, Kentucky manufacturing facilities. This collective action challenges Defendant's policy of failing to pay

1

Plaintiffs and other similarly situated employees overtime pay for hours over 40 worked in a workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Kentucky Wage and Hour Act, KRS § 337.010, *et seq*. To date, more than 40 current and former supervisors from Defendant's Berea, Kentucky manufacturing facilities, including Production Supervisors, Quality Supervisors, and Warehouse Supervisors, have filed consent forms to join this action and recover unpaid overtime wages that they are owed. Plaintiffs allege the putative class and opt-in plaintiffs are current or former employees of Defendant with the job title of supervisor who work or worked at one or more of Defendant's Berea, Kentucky manufacturing facilities (referred to herein as the "BK" and "BM North" facilities; the parties agreed to exclude "BM South"). According to the Complaint, Plaintiffs and other supervisors routinely work in excess of 40 hours per workweek, sometimes as much as 60 or more hours per workweek, but are not compensated at the required time-and-a-half rates for the hours over 40. The supervisors are instead paid their "straight time" or regular hourly wage. Plaintiffs allege they did not receive a salary, only hourly wages, and that their pay was reduced if they missed worktime, including partial days. Plaintiffs admit Hitachi told them they were paid a salary and were classified as exempt workers, but aver that this is untrue. Plaintiffs support their claims with several sworn statements from Hitachi

2

supervisors. Hitachi responded that Plaintiffs and other supervisors are, in fact, paid a salary and properly classified as exempt employees under federal and state laws, and supported this contention with a sworn statement from Hitachi's human resources director.

Procedurally, Plaintiffs initially moved the Court to certify a collective action pursuant to FLSA. Pursuant to the Kentucky Supreme Court's August 24, 2017 decision in *McCann v. Sullivan Univ. Sys. Inc.*, 528 S.W.3d 331 (Ky. Aug. 2017), Plaintiffs filed a motion to modify the scope of the collective class [DE 48] to include supplemental state law claims. In *McCann*, the Kentucky Supreme Court reversed the Kentucky Court of Appeals and held that it is permissible to bring KWHA claims on a representative basis.

Defendants vehemently oppose the motion to modify the scope of the putative class because the statute of limitations for KWHA claims is five years and the FLSA statute of limitations is three years. Plaintiffs ask the Court to apply the five-year limitations period set forth under the KWHA and conditionally certify a FLSA collective class of supervisors who worked at BK and BM North between April 24, 2012 and present. In addition, the standard for class certification pursuant to Rule 23's one-step process is substantially more onerous than the standard for conditional certification as an FLSA collective action (step one of two in FLSA certification), and Defendant argues Plaintiffs attempt to

3

circumvent the more stringent standard by notifying the FLSA and KWHA putative class members during this stage of the litigation.

**II. LEGAL STANDARD**

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'" *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. § 202(a). Chief among the FLSA's provisions is the overtime wage requirement, which generally obligates "employers to compensate employees for hours in excess of 40 per week at a rate of 1½ times the employees' regular wages." *Id.*; see also 29 U.S.C. § 207(a).

"[A]ny one or more employees" may seek redress for violations of the FLSA by initiating a collective action "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees may "opt-into" such suits by "signal[ing] in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (noting that this type of suit "is distinguished from the opt-out approach utilized in class actions under Fed. R. Civ. P. 23").

Certification of FLSA collective actions typically proceeds in two phases. *Comer*, 454 F.3d at 546-47. "[A]t the notice stage,

4

the certification is conditional and by no means final." *Id*. (internal quotations omitted). "The plaintiff must show only that his position is similar, not identical, to the positions held by the putative class members." *Id*. (internal quotations omitted) (emphasis added). "[T]his determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class." *Id*. (stating further that "authorization of notice need only be based on a modest factual showing") (internal quotations omitted).

"At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Id*. at 547. The final-certification decision depends upon "a variety of factors, including the factual and employment settings of the individual[] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (internal quotations omitted), *overruled on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

The FLSA "grant[s] the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible and not otherwise contrary to the statutory commands or the provisions of the Federal Rules of Civil

5

Procedure." *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 171 (1989) (discussing 29 U.S.C. § 216(b), the FLSA's enforcement provision, as incorporated into the ADEA). Thus, "district courts have discretion, in appropriate cases, to implement 29 U.S.C. 216(b) … by facilitating notice to potential plaintiffs." *Id*. "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Id*.

### III. ANALYSIS

#### 1) FLSA Claims

This case sits at the notice stage of the bifurcated-certification process. Plaintiffs ask the Court to conditionally certify their FLSA claim for unpaid overtime wages as a collective action and order notice of the action to:

> All current and former supervisors including, without limitation, Production Supervisors, Quality Supervisors, and Warehouse Supervisors employed by the Defendant in its Berea, Kentucky manufacturing facilities at any time since April 24, 2012, excluding all supervisors who have only worked on the south side of the Berea Motors facility since April 24, 2012.

[Motion to Modify Scope of Collective Class, DE 48, p. 2]. Plaintiffs also ask the Court to facilitate notice by ordering Defendants to produce a list of all employees to receive notice (based on the definition above), including their names, last known mailing addresses, and email addresses. [DE 32, p. 2].

Defendant asserts that conditional certification is inappropriate because Plaintiffs were properly classified as exempt employees, and thus, were not entitled to overtime wages under the FLSA. Courts generally do not evaluate the legality of the challenged policy or the applicability of an FLSA exemption at this stage of the certification process. *See Bradford v. Logan's Roadhouse, Inc.*, 137 F. Supp. 3d 1064, 1072 (M.D. Tenn. 2015) ("[T]he court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at the notice stage) (internal quotations omitted); *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 769 (N.D. Ohio 2015) ("It would be inappropriate to consider the merits of defendant's defense at this time, before the record has been developed."). While Defendant has produced evidence in support of its position, Plaintiffs have likewise produced sworn statements and other evidence supporting their allegations. Thus, these are factual disputes not appropriate for resolution at this stage of the proceeding. Because Defendant's argument is premature, the Court need not consider it further.

Defendant "does not ask the Court to deny Plaintiffs' Motion" if the Court reserves ruling on the substantive issues, but instead asks that the notice be limited to:

> All persons currently and formerly employed as Production Supervisors in Hitachi's production facilities located in Berea, Kentucky who were paid on a salary basis and received a salary in addition to straight time compensation based on hours worked over forty (40) in a workweek from April 24, 2014 to May 31, 2016, and those who received a salary in addition to straight time compensation based on hours worked over forty (40) in a workweek from June 1, 2016 to present.

[Defendant's Response to Motion to Certify Class, DE 41, pp. 359 and 371]. Defendant's notice limits the putative class to Production Supervisors, the positon held by the named Plaintiffs, and to those employed after April 24, 2014. Plaintiffs' proposed notice class includes everyone who could be included under longer the KWHA statute of limitations, whereas Defendant requests notice be limited to the FLSA three-year statute of limitations.

At this first, or "notice," stage of the two-stage certification process, a "fairly lenient standard" applies that "typically results in 'conditional certification' of the representative class." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). The Sixth Circuit has emphasized that a plaintiff seeking certification "must only show that 'his position is similar, not identical, to the positions held by the putative class members." *Id.* at 546-47 (emphasis added). Plaintiffs submitted affidavits from a Warehouse Supervisor and a Quality Supervisor which state these employees were paid in the same way Plaintiffs allege they were paid. [DE 45, Ex. 1 and 2].

Hitachi does not deny this, but states via affidavit of the human resources director that "[e]ach category of supervisors has different job duties, utilizes different equipment, manages different work processes and reports to different managers."

After consideration of the parties' arguments, the lenient standard, and in the interest of justice, the Court holds the notice shall include:

> All current and former supervisors including, without limitation, Production Supervisors, Quality Supervisors, and Warehouse Supervisors employed by the Defendant in its Berea, Kentucky manufacturing facilities at any time since April 24, 2014, who worked more than forty (40) hours in any workweek during their employment, excluding all supervisors who have only worked on the south side of the Berea Motors facility since April 24, 2014.

In addition to facilitating notice, the FLSA allows courts to "monitor[] preparation and distribution of the notice" to the putative members of the collective action, thereby "ensur[ing] that it is timely, accurate, and informative." *Hoffman-LaRoche v. Sperling,* 493 U.S. 165, 171-72 (1989) (discussing 29 U.S.C. § 216(b), the FLSA's enforcement provision, as incorporated into the ADEA). Plaintiffs have submitted a Proposed Notice and Opt-In Consent Form, to be sent via first class mail, which sets an opt-in period of ninety days. Defendants have raised several concerns about the content of Plaintiffs' Proposed Notice and Opt-In Consent Form. Plaintiffs request the parties be ordered to meet and confer

concerning the form of the notice in a good faith effort to resolve Defendants' objections to this notice and to file either an agreed notice or competing notices.  This request is well made and the Court will grant it, with the caveat that, as explained below, the notice shall not include reference to the KWHA claims.

**2) KWHA Claims**

Plaintiffs state this court has jurisdiction over the FLSA claims because they raise federal questions pursuant to 28 U.S.C. § 1331 and jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367.

District courts have discretion to exercise supplemental jurisdiction over state law claims, or to decline to exercise jurisdiction over those claims. *Cirasuola v. Westrin*, 1997 WL 472176, at *1 (6th Cir. Aug.18, 1997).  28 U.S.C. § 1367 permits courts to decline to exercise supplemental jurisdiction over a state law claim if "the claim raises a novel or complex issue of State law" or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c)(1) and (4).

There are several considerations which weigh in favor of the Court declining jurisdiction over the KWHA claims in this matter. First, the KWHA class action claims are nearly identical allegations but would be brought pursuant to Rule 23, which is a a substantially different standard than FLSA collective actions.

The disagreement between the parties regarding the statute of limitations and other issues in the notice exemplify the difficulties in going forward with the state and federal law claims. The statute of limitations for the KWHA claims would be five years but only three years for the FLSA claims. The KWHA claims would require class members to opt *out* while the FLSA class members – largely the same individuals – would have to opt *in*. These issues could create significant confusion for the putative class members in any combined notice, or in two notices which result from the same law suit in the same court. Finally, and most importantly, while KWHA is not a new area of state law, a class action brought pursuant to KWHA is an entirely new claim permitted under Kentucky law. *McCann v. Sullivan Univ. Sys. Inc.*, 528 S.W.3d 331 (Ky. Aug. 2017). The Court cannot find any Kentucky case law on KWHA class action lawsuits as of yet. For these reasons, the Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(1) and (4). Accordingly, the supplemental state law claims will be dismissed without prejudice to Plaintiffs' right be refile those claims in state court.

   **3) Other matters**

Plaintiffs request the Court order the parties to conduct a Rule 26(f) meeting; that request will be granted. The parties filed a number of requests for leave to file additional arguments

and authority; those requests will be granted. The Court considered all arguments and authorities in the record in rendering this opinion. Plaintiffs also requested leave to file a second amended complaint to narrow their collective definition to cover only the Berea, Kentucky facility and Berea Motors South facility. Because parties appear to be in agreement on this issue, and pursuant to Rule 15(a)(2), this motion will be granted.

**IV. CONCLUSION**

For the reasons stated herein, and the Court being sufficiently advised, **IT IS ORDERED** as follows:

1) Defendant's Motion to Dismiss [DE 20] is **DENIED AS MOOT** due to the filing of the Amended Complaint;

2) Plaintiffs' Motion to Certify Class [DE 32] is **GRANTED** subject to the limitations listed herein;

3) Plaintiffs' Motion for Leave to File Second Amended Complaint [DE 46] is **GRANTED**;

4) Plaintiffs' Motion to Modify the Scope of the Collective Class [DE 48] is **DENIED**;

5) Defendant's Motion for Leave to File Sur-Reply to Plaintiffs' Reply [DE 51] is **GRANTED**;

6) Plaintiffs' Motion to Set Rule 16 Scheduling Conference [DE 56] is **GRANTED**;

7) Defendant's Motion for Leave to File Response to Plaintiffs' Supplemental Authority [DE 63] is **GRANTED**;

8) Within 21 days of the date of this Order, Defendant **SHALL PRODUCE** to Plaintiffs a list of all current and former employees to receive notice (based on the Court's definition herein), including their names, last known mailing addresses, and email addresses;

9) The parties shall meet and confer concerning the form of the notice in a good faith effort to resolve Defendants' objections, and file either an agreed notice or competing notices within 31 days of the date of this Order;

10) That no later than 21 days after the date of this Order, the parties, by counsel, shall meet, either in person or by telephone, to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), as amended December 1, 2010, and to develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(f), as amended December 1, 2006.

11) That within ten (10) days after the meeting the parties shall file a joint status report containing:

   (a) the discovery plan; in formulating their plan, the parties should consider the Court's belief that discovery should last between three and five months;

(b) the parties' estimate of the time necessary to file pretrial motions;

(c) the parties' estimate as to the probable length of trial;

(d) the dates mutually convenient for trial;

(e) the parties' decision as to whether the action may be referred to a United States magistrate judge for trial pursuant to 28 U.S.C. § 636(c); and

(f) the parties' determination as to whether the resolution of the case may be aided by mediation or other special procedures as authorized by statute or local rule.

12) Counsel may utilize Form 52, Fed. R. Civ. P.(App.) as the form of the joint status report. Each party is directed to advise the Court at the time of the submission of the joint report of all parent corporations, subsidiaries, affiliates, members and/or partners with which it is associated.

**IT IS SO ORDERED.**

This the 26th day of March, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge