UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| CAROL LEAR and JAMES TINCHER, on behalf of THEMSELVES and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI AUTOMOTIVE SYSTEMS AMERICAS, INC.,<br><br>Defendant. | Civil Action No. 5:17-CV-186-CHB<br><br>**ORDER DENYING COSTS** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Bill of Costs filed by the Defendant [R. 124]. On March 22, 2019 the Court entered an order dismissing this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). [R. 123] After Defendant moved for costs, Plaintiff responded in opposition by stating that Defendant's motion was procedurally improper and requesting that the Court enter a judgment ordering that each party bear its own costs. [R. 125; R. 126] In Reply, Defendant argues that as the prevailing party in this litigation they are entitled to the costs that they incurred. [R. 127]

There is no published authority in the Sixth Circuit as to whether "a plaintiff's voluntary dismissal with prejudice, motivated by pure practicality rather than by any merit in the defendant's position, makes the defendant a 'prevailing party' for purposes of an award of costs." *United States v. Alpha Medical, Inc.*, 102 F. App'x 8, 10 (6th Cir. 2004). However, persuasive authority on this issue indicates that generally costs are not awarded where a plaintiff voluntarily moves to dismiss with prejudice. *See, e.g., Lum v. Mercedes Benz, USA, L.L.C.*, 246 F.R.D. 544, 546 (N.D. Ohio 2007) (finding costs inappropriate where case was voluntarily

dismissed with prejudice); *Degussa Admixtures, Inc. v. Burnett*, 471 F.Supp.2d 848, 852 (W.D.Mich. 2007) (noting that several courts have held that costs should only be awarded following a voluntary dismissal with prejudice in exceptional circumstances). An example of exceptional circumstances is where a litigant brings repeated claims against a defendant, only to subsequently dismiss them without prejudice and cause the defendant to incur significant costs in defense. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).

The purpose of Fed. R. Civ. P. 41(a)(2) is to protect the nonmovant, here the Defendant. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The Court does not find that the Defendant will be prejudiced by each party paying its own costs. Defendant seeks to recover the costs of deposing individuals who were class members in the, now dismissed, federal class action as well as the parallel state proceeding. [R. 127 at p. 3] While Defendant argues that these depositions were only taken for the purpose of defending the federal suit, it does not claim that they would never have been taken in the state action, only that it would have been unlikely. *Id.* Further, as indicated by Plaintiff, these depositions were noticed for both actions and the Defendant has not provided any reason to believe that should they prevail in the on-going state Court litigation, they will not be able to recover these costs. Ultimately, the Court is satisfied that the Defendant is protected from future federal litigation, and does not find the circumstances in this case to be so exceptional as to justify an award of costs.

Having reviewed the Motion, and the Response and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Defendant's demand for costs is **DENIED**.

This the 7th day of June, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY